UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TOLGA BAYRAM,                                          Docket No.

                Plaintiff,

     -against-                                    **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                Defendants.
------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**:

     **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. ("Home Depot"), (THE HOME DEPOT is a non-existent entity) hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Queens, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

### PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION

    1.    This action was commenced against HOME DEPOT U.S.A., INC., in the Supreme Court of the State of New York, County of Queens, with the Index Number 721141/2020 and was electronically filed November 9, 2020.

    2.    Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

    3.    In his Complaint, Plaintiff alleges personal injury from an incident which occurred on May 19, 2020 at 73-01 25th Avenue, East Elmhurst, New York, in the County of Queens, City and State of New York due to Defendant's negligence (**Exhibit "A"**).

4. Home Depot U.S.A., Inc. was served on November 24, 2020 through the Secretary of State. **Exhibit "B"**.

5. Home Depot served and electronically filed its Answer on January 6, 2021. **Exhibit "C"**.

## DIVERSITY JURISDICTION IS PROPER

6. No further proceedings have been had in the Supreme Court of the State of New York, County of Queens, as of the date of the filing of this Petition for Removal.

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant Home Depot U.S.A., Inc..

## DIVERSITY EXISTS

8. This firm represents Defendant HOME DEPOT U.S.A., INC. in this action.

9. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81,1., which permits removal of causes of action based upon diversity of citizenship of the parties.

10. At the time that this action was filed, Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

11. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant are not citizens of the State of New York.

12. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of Kings **Exhibit "A"**.

13. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Verified Complaint cannot state the amount of damages Plaintiff deems himself entitled to (CPLR 3107(c)). However, Plaintiff alleges in the Verified Complaint that he "was caused to sustain serious, severe and permanent personal injuries and was rendered sick, sore, lame and disabled " (See **Exhibit "A"**, Paragraph 26) and the amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts." (See **Exhibit "A"**, Paragraphs 26)

15. On January 6, 2021, Defendant served a Demand for Supplemental Statement of Damages. **Exhibit "D"**.

16. In Plaintiff's Response to Defendant's Demand dated April 21, 2021, Plaintiff states that "Plaintiff deems himself entitled to Five Million ($5,000,000.00) Dollars" in total damages. **Exhibit "E"**.

17. Home Depot submits that the (1) allegations in the Complaint with (2) the written confirmation dated April 21, 2021 from Plaintiff's counsel of a settlement demand in excess of $75,000 proves to a "reasonable probability" that the claim is in excess of [$75,000]. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

18. Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff

sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

19. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

20. Defendant received written confirmation of Plaintiff's demand on April 21, 2021. Further, the removal has been filed within one year of the filing of the initial pleading. Removal is thus timely.

## NOTICE

21. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Queens.

## VENUE IS PROPER

22. The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Queens County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23. Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Home Depot reserves the right to amend or supplement this Petition for Removal.

25. If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 721141/2020 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., prays that this cause of action now pending in the Supreme Court of the State of New York, County of Queens, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
April 30, 2021

        LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: *Steven Montgomery*
_____
Steven R. Montgomery (SM4514)
*Attorney for Defendant*
HOME DEPOT U.S.A., INC.
*(THE HOME DEPOT is a non-existent entity)*
77 Water Street – Suite 2100
New York, New York 10038
212.232.1300

TO:
Joseph M. Source, Esq.
BRAGOLI & ASSOCIATES, P.C.
*Attorneys for Plaintiff TOLGA BAYRAM*
300 Broadhollow Road – Suite100W
Melville, New York 11747
631.423.7755

4839-7159-9847.1