SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------X

TOLGA BAYRAM,

                                              Plaintiff,

                        -against-

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                                              Defendant.
-----------------------------------------------------------X

INDEX NO.:

FILING DATE:

**SUMMONS**

Plaintiff Designates
Queens County
as the Place of Trial

The Basis of Venue is
Plaintiff's Address

Plaintiff resides at:
3540 83rd Street, Apt 3C
Jackson Heights, NY 11372

To the above-named Defendant:

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated:  Melville, New York
       November 6, 2020

**Defendant's Address:**

**HOME DEPOT U.S.A., INC** d/b/a **THE HOME DEPOT**
**c/o CORPORATION SERVICE COMPANY**
**80 State Street**
**Albany, New York 12207-2543**

                                   _____
                                  BY: JOSEPH M. SORCE, ESQ.
                                  **BRAGOLI & ASSOCIATES, P.C.**
                                  Attorneys for Plaintiff
                                  **TOLGA BAYRAM**
                                  300 Broadhollow Road, Suite 100W
                                  Melville, New York 11747
                                  (631) 423-7755

Case 1:21-cv-02391-KAM-SJB   Document 1-1   Filed 04/30/21   Page 2 of 11 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------X

TOLGA BAYRAM,

                                Plaintiff,

          -against-

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                                Defendant.

---------------------------------------------------------------X

Index No.:

Filing Date:

**VERIFIED COMPLAINT**

      **PLAINTIFF**, by his attorneys, **BRAGOLI & ASSOCIATES, P.C.**, complaining of the Defendant herein, hereby allege upon information and belief, the following:

      1.      That at all times hereinafter mentioned, Plaintiff, **TOLGA BAYRAM**, was and still is a resident of the County of Queens, State of New York.

      2.      That at all times hereinafter mentioned, Plaintiff, **TOLGA BAYRAM**, maintains a residence at 3540 83rd Street, Apt 3C, Jackson Heights, New York 11372.

      3.      That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT** (hereinafter referred to collectively as HOME DEPOT U.S.A., INC.) was, and still is, a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

      4.      That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC.**, was a foreign business corporation duly authorized to do business in the State of New York.

      5.      That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC.**, was, and still is, a domestic business corporation duly authorized to do business in the State of New York.

Case 1:21-cv-02391-KAM-SJB   Document 1-1   Filed 04/30/21   Page 3 of 11 PageID #: 8

6.     That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC.**, was, and still is, a foreign limited liability company duly authorized to do business in the State of New York.

7.     That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC.**, was the owner of the premises, located at 73-01 25th Ave, in the County of Queens, State of New York (hereinafter referred to as the "subject premises").

8.     That at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC.**, was responsible for the subject premises.

9.     That at all times hereinafter mentioned, Defendant **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees maintained the subject premises and the equipment/machinery thereat.

10.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees controlled the aforesaid premises and the equipment/machinery thereat.

11.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees operated the subject premises and the equipment/machinery thereat.

12.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees managed the aforesaid premises and the equipment/machinery thereat.

13.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees supervised the aforesaid premises and the equipment/machinery thereat.

Case 1:21-cv-02391-KAM-SJB   Document 1-1   Filed 04/30/21   Page 4 of 11 PageID #: 9

Case 1:21-cv-02391-KAM-SJB   Document 1-1   Filed 04/30/21   Page 5 of 11 PageID #: 10

14.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees inspected the aforesaid premises and the equipment/machinery thereat.

15.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees repaired the aforesaid premises and the equipment/machinery thereat.

16.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees had a duty to properly own, operate, manage, maintain, supervise, inspect, control and repair the equipment/machinery at the subject premises.

17.     That at all times hereinafter mentioned, Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees breached their duty to properly own, operate, manage, maintain, supervise, inspect, control and repair the equipment/machinery at the subject premises.

18.     That on or about May 19, 2020, Plaintiff, **TOLGA BAYRAM**, was a lawful patron of the subject premises, located at 73-01 25th Ave, East Elmhurst, New York 11370.

19.     That on or about May 19, 2020, while Plaintiff, **TOLGA BAYRAM**, was lawfully about the aforesaid subject premises, he was struck by doors being carried on a forklift, which was operated by Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants, employees and/or licensees and was forcefully precipitated to the ground.

20.     The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance, control, inspection, repair and supervision of the subject premises and/or the equipment/machinery thereat.

INDEX NO. 721141/2020
Case 1:21-cv-02391-KAM-SJB   Document 1-1   Filed 04/30/21   Page 6 of 11 PageID #: 11
RECEIVED NYSCEF: 11/09/2020

21.     That Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees were reckless, careless and negligent in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the subject premises; by permitting a dangerous and hazardous condition to exist so that it was dangerous for persons, in particular, this Plaintiff; by failing to keep the said premises in a reasonably safe condition; by permitting said premises to become dangerous for persons, and, in particular, to Plaintiff, **TOLGA BAYRAM**; by causing and allowing said premises to become and remain in a defective, hazardous and/or dangerous condition; in failing to take any measures, precautions and/or safeguards to keep the premises in a reasonably safe condition; in the negligent operation of store equipment/machinery, more specifically its forklift(s);  by failing to place barricades with warnings for persons lawfully present on said premises; in particular, Plaintiff, **TOLGA BAYRAM**; in allowing said premises to remain in dangerous, hazardous and/or defective condition for an unreasonable period of time: in failing to keep the aforesaid premises in a reasonably safe condition prior to, and including, May 19, 2020; in allowing, permitting and/or creating an unusual and dangerous condition making it unsafe in said premises; in failing to warn the Plaintiff of the dangers inherent thereinafter which were likely to cause injury to this Plaintiff; by creating and allowing to remain the dangerous and hazardous condition hereinafter; in failing to train and/or properly train its agents, servants, employees and/or licensees with regard to equipment/machinery and forklift operation; in failing to cordon off the area where its agents, servants, employees and/or licensees were utilizing and/or operating said equipment/machinery; in failing to keep a proper lookout for store patrons, specifically, the Plaintiff herein; in creating an unsafe environment for patrons of the subject premises; in failing to be observant of the surrounding circumstances; in operating the equipment/machinery/forklift at a greater rate of speed than care and caution would permit under the

Case 1:21-cv-02391-KAM-SJB    Document 1-1    Filed 04/30/21    Page 8 of 11 PageID #: 13

circumstances; in causing, allowing and permitting said equipment/machinery/forklift to strike and come in contact with a patron; in failing to take due and proper notice of the presence of patrons, specifically the Plaintiff herein; in failing to make prompt, proper and timely use of the steering and braking mechanisms of the forklift; in failing to proceed in a safe and proper manner; in failing to maintain the braking and steering mechanisms of the forklift in proper adequate condition and/or repair; in failing to give any signal, sound or warning of the approach of the forklift; in failing to exercise due care and caution in the operation and control of the forklift so as to have avoided the accident and the injuries to the Plaintiff herein; and Defendant was otherwise reckless, negligent and careless in the operation, ownership, management, maintenance, inspection, supervision, repair and control of the subject premised and the equipment/machinery thereat.

22.     That as a result of the foregoing, Plaintiff, **TOLGA BAYRAM**, sustained certain severe personal injuries.

23.     The aforesaid injuries sustained by Plaintiff, **TOLGA BAYRAM**, were caused solely by reason of the negligence of the Defendant, and without any negligence or fault on the part of the Plaintiff contributing thereto.

24.     That Defendant, **HOME DEPOT U.S.A., INC.** its agents, servants and/or employees had actual notice of the aforementioned dangerous and defective condition.

25.     That Defendant, **HOME DEPOT U.S.A., INC.**, its agents, servants and/or employees had constructive notice of the aforementioned dangerous and defective condition.

26.     That as a result of the foregoing, Plaintiff, **TOLGA BAYRAM**, sustained serious, severe and permanent injuries and was rendered sick, sore, lame, and disabled; Plaintiff, **TOLGA BAYRAM,** was caused to suffer great physical pain, discomfort, and disability and will continue to suffer pain, discomfort, and disability in the future; Plaintiff, **TOLGA BAYRAM**, was caused to

undergo hospital and medical care, aid, and treatment, and may continue to undergo medical care, aid and treatment for a long period of time to come in the future; Plaintiff, **TOLGA BAYRAM**, incurred large sums of expenses for medical care, aid, and attention; Plaintiff, **TOLGA BAYRAM**, was further caused to become incapacitated from and hindered in the progress of his usual pursuits, duties, and activities and may continue to be hindered in his pursuits, duties and activities for a long period of time to come in the future.

27.     That as a result of the foregoing, Plaintiff, **TOLGA BAYRAM,** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff, **TOLGA BAYRAM**, demands judgment against the Defendant, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,** together with the costs and disbursements of this action.

**Dated:  Melville, New York**
**November 6, 2020**

Yours, etc.

_____

**JOSEPH M. SORCE, ESQ.**
**BRAGOLI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
**TOLGA BAYRAM**
300 Broadhollow Road, Suite 100W
Melville, New York 11747
(631) 423-7755

INDEX NO. 721141/2020
RECEIVED NYSCEF: 11/09/2020

# ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted and licensed to practice in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

I am the attorney for the Plaintiff in the within action; that the undersigned has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge, except as to those matters alleged to be true upon information and belief, and as to those affirmant believe them to be true.

The undersigned further states that the reason this verification is made by the undersigned and not by Plaintiff is that the Plaintiff does not reside within the County where affirmant maintains an office.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are documents, correspondences, and records maintained in affirmant's files and conversations had with the Plaintiff.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

**Dated: Melville, New York**
**November 6, 2020**

JOSEPH M. SORCE, ESQ.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

=================================================================

TOLGA BAYRAM,

                                                  Plaintiff,

           -against-

HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT,

                                            Defendant.

=================================================================

## SUMMONS and VERIFIED COMPLAINT

=================================================================

*BRAGOLI & ASSOCIATES, P.C.*
*Attorneys for the Plaintiff*
*TOLGA BAYRAM*
*300 Broadhollow Road, Suite 100W*
*Melville, New York 11747*
*(631) 423-7755*

=================================================================

To:>

Attorney(s) for>

=================================================================

Service of a copy of the within                is hereby admitted.

Dated,                      _____

                               Attorney(s) for

=================================================================

Sir: - Please take notice

that the within is a true copy of a     duly entered in the office of the clerk of the within named court on
                    , 2020

Dated:

                               Yours, etc.

Attorney signature pursuant to Sec. 130-1.1-a of the
Rules of the Chief Administrator (22NYCRR)

                               BY: JOSEPH M. SORCE, ESQ. _____

                               *BRAGOLI & ASSOCIATES, P.C.*
                               *Attorneys for the Plaintiff*
                               *TOLGA BAYRAM*
                               *300 Broadhollow Road, Suite 100W*
                               *Melville, New York 11747*
                               *(631) 423-7755*